UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Sheng-Wen Cheng,

        Plaintiff,

v.

P. Grenier, *sued in his official and individual capacities*, and
The United States of America,

        Defendants.

Case No. 23-cv-0485 (WMW/DLM)

**ORDER**

---

This matter is before the Court on Plaintiff Sheng-Wen Cheng's application to proceed in forma pauperis ("IFP"). (Dkt. 77.) Because the Court finds that Cheng's appeal is taken in good faith and he is entitled to proceed IFP, the IFP application is granted subject to the requirements set forth below. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

The Prison Litigation Reform Act ("PLRA") governs prisoners' IFP applications. 28 U.S.C. § 1915(b). Although a prisoner granted IFP status is *not* excused from paying the court filing fee, a prisoner granted IFP status may pay the filing fee in installments rather than paying the entire amount in advance. *See id.*; *accord Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). At the outset of an appeal, a prisoner proceeding IFP pays an initial partial filing fee that is equal to "20 percent of the greater of—(A) the average monthly deposits to the prisoner's

account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the . . . notice of appeal." 28 U.S.C. § 1915(b)(1). The remaining balance must be paid in installments through regular deductions from the prisoner's trust account. *Id.* Section 1915(b)(2). The prisoner also must provide "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the . . . notice of appeal." *Id.* Section 1915(a)(2).

Cheng's statement indicates that the amount of his average monthly deposits during the preceding six-month period was $466.66, and his average monthly balance during that period was approximately $47.86. Because the average monthly deposits exceed the average monthly balance, Cheng's initial partial filing fee for this appeal is 20 percent of the average-deposits amount, or $93.33. This initial partial filing fee is due immediately.

If Cheng elects to pursue his appeal, the remaining balance of the appellate filing fee—$605—must be paid in later installments, and prison officials will be authorized to deduct funds from Cheng's trust account as Section 1915(b)(2) provides. Regardless of the outcome of his appeal, Cheng must pay this filing fee.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Sheng-Wen Cheng's February 5, 2024 application to proceed in forma pauperis on appeal, (Dkt. 77), is **GRANTED**.

2. An initial partial filing fee for the appeal of $93.33 is due immediately.

3. Plaintiff Sheng-Wen Cheng must pay $511.67, the unpaid balance of the statutory filing fee for this appeal, in the manner prescribed by 28 U.S.C. § 1915(b)(2). The Clerk of Court shall provide notice of this requirement to the authorities at the institution where Cheng is confined.

Dated: February 7, 2024                                s/ Wilhelmina M. Wright
                                                       Wilhelmina M. Wright
                                                       United States District Judge